## MASON *v.* ROUTZAHN, COLLECTOR.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 152. Argued October 6, 1927.—Decided November 21, 1927.

1. Dividends paid in 1917, when there were net profits made in 1916 sufficient for the purpose and no net profits had been made in 1917 prior to the payment, are taxable to the shareholder at the 1916 rate, though profits were accumulated by the corporation in 1917 subsequently to the payment of the dividends. Revenue Act 1916, § 31 (b) as amended 1917. See *Edwards v. Douglas,* 269 U. S. 204. P. 177.

2. The date of payment, not the date of declaration, of the dividend is the date of distribution within the meaning of § 31(b), *supra.* P. 178.

13 F. (2d) 702, reversed.

CERTIORARI, 273 U. S. 687, to a judgment of the Circuit Court of Appeals which reversed a judgment rendered by the District Court, 8 F. (2d) 56, in favor of Mason, plaintiff in an action to recover money paid to the Collector, under protest, as a tax on dividends.

*Messrs. Horace Andrews* and *Charles E. Hughes,* with whom *Messrs. S. M. Jett* and *Harrison Tweed* were on the brief, for petitioner.

*Solicitor General Mitchell* for respondent, was unable to support the reasoning of the Circuit Court of Appeals, but he felt constrained to present the case fully in deference to the views of that Court.

*Messrs. Charles E. Hughes, Edward Cornell, William C. Breed, Paul Armitage,* and *Harrison Tweed;* and *Mr. James E. MacCloskey, Jr.,* filed briefs as *amici curiae,* by special leave of Court.

MR. JUSTICE BRANDEIS delivered the opinion of the Court:

Section 31 (b), which was added to the Revenue Act of 1916 by the Revenue Act of 1917, October 3, 1917, c. 63, Title XII, 40 Stat. 300, 338, provides that any " distribution made to the shareholders . . in the year nineteen hundred and seventeen, or subsequent tax years, . . shall constitute a part of the annual income of the distributee for the year in which received," but that it " shall be deemed to have been made from the most recently accumulated undivided profits or surplus . . . and shall be taxed to the distributee at the rates prescribed by law for the years in which such profits were accumulated." See *Edwards* v. *Douglas,* 269 U. S. 204.

Mason, a shareholder in the B. F. Goodrich Company, received during the year 1917, five dividends prior to July 3. Two of them had been declared in the year 1916; three in January, 1917. In his income tax return for 1917, he reported all these dividends as taxable at the 1916 rate, and paid on that basis. The Commissioner of Internal Revenue determined that the tax on all these dividends was payable at the 1917 rate, which was higher than that for 1916; and assessed the additional amount.

It was paid under protest. Then this suit was brought against the Collector, in the federal court for northern Ohio, to recover the amount exacted. The case was heard without a jury upon stipulated facts, which were adopted by the court as its findings. The District Court entered judgment for Mason for the full amount, 8 F. (2d) 56. Its judgment was reversed by the Circuit Court of Appeals, 13 F. (2d) 702. This Court granted a writ of certiorari, 273 U. S. 687.

The Government admits that no profits were earned in 1917 prior to the payment of the dividends here in question. Mason claims, as to two of the dividends, that the 1916 rate applied, because the dividends had been declared in that year; and as to all the dividends, that the 1916 rate applied, since the corporation had not earned in 1917 any net profits prior to the dates of the several dividend payments, so that the most recently accumulated net profits were those earned in the year 1916, which were more than sufficient for this purpose.

The District Court held that, despite the fact that the profits for 1917 were in excess of all dividends paid in that year, the distribution must be deemed to have been made out of profits accumulated in 1916; and entered judgment for the full amount. Thereafter, and before this case was heard in the Court of Appeals, *Edwards* v. *Douglas* was decided by this Court. The Court of Appeals recognized that *Edwards* v. *Douglas* differed in its facts from the case at bar. But it concluded that, under the reasoning of the opinion in that case, the taxing year should be treated as a unit; and it believed that it was required to hold that, if the net profits of a whole year prove sufficient to meet all the dividends paid within it, these must be deemed to have been paid from such profits, even if it affirmatively appears that none had been earned before the date when the latest dividend was paid.

The Solicitor General concedes that *Edwards* v. *Douglas* does not so decide; that the case is authority only for

the proposition that a pro rata share of the entire year's earnings may be treated as approximating the actual earnings for the fraction of the year prior to the payment of the dividend in the absence of circumstances showing that there were no earnings actually accumulated during the fractional period; that the amount actually available for payment of dividends out of the current year's earnings prior to the date of payment may always be shown; that such had been the practice of the Treasury Department from the time the Revenue Act of 1917 took effect until the date of the Court of Appeals' decision; and that this rule was embodied in its regulations.

We see no good reason for disturbing the long settled practice of the Treasury Department. Its contemporary interpretation is consistent with the language of the Act; and its practice was, in substance, embodied in the Revenue Act of 1918, February 24, 1919, c. 18, § 201 (e), 40 Stat. 1057, 1060. We conclude that the Circuit Court of Appeals placed an erroneous construction on § 31 (b).

Since two of the dividends paid in 1917 were declared in 1916, it becomes necessary for us to consider whether these also are to be deemed distributions made in 1917, as it is only to such that the section applies. It declares that the dividend is income of the shareholders in the year in which it is " received." We think it clear that, for this purpose, the date of payment, not the date of the declaration of the dividend, is the date of distribution; and as all the dividends here in question were paid in 1917, the provision as to the rate is applicable to all. As there were no earnings in 1917 prior to the dates of the payments, and as there were confessedly ample accumulated earnings of 1916 prior to the declaration of the several dividends, we have no occasion to consider other questions which were argued. The judgment of the Circuit Court of Appeals is reversed; that of the District Court is affirmed.

*Reversed.*