HARRY A. MOODY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29.   Promulgated December 17, 1927.

*Martin A. Schenck, Esq.*, and *Edward Cornell, Esq.*, for the petitioner.

*A. H. Murray, Esq.*, for the respondent.

OPINION.

LITTLETON: The petitioner insists that dividends declared by the F. W. Woolworth Co. on January 10, February 14, and April 11, 1917, and received by him on March 1, April 1, and June 1, respectively, were distributions made by the company of the surplus and undivided profits for 1916, and should be taxed at the rates imposed by the Revenue Act of 1916. He further claims that the distributions were made by the company on the dates on which the dividends were declared and not on the dates of payment. He therefore insists that by adopting the Commissioner's method of prorating the earnings for the entire year to the respective dates of declaration the current earnings were not sufficient to cover the entire dividends.

The Commissioner held that the dividends were distributed within the meaning of the statute on the date of payment and, by prorating the net earnings for the entire year 1917 to the dates of payment, he determined that there were more than sufficient earnings out of which the dividends were paid. He held further that the dividends were distributed out of earnings for the year 1917 and taxable at the rates imposed by that Act.

The petitioner has not submitted sufficient evidence to convince the Board that the company did not have sufficient current profits for the year 1917 on the dates when the dividends were paid out of which to pay them. The company made no attempt to determine its current earnings on the several dates and nothing has been proved in this proceeding which would indicate what the profits for 1917 on these dates were or that the earnings available were less than the amount determined by the Commissioner. In the absence of proof of a better method of determining the available current profits the Commissioner's method must be accepted by the Board. *Peter W. Rouss*, 4 B. T. A. 516. *Gardner-Governor Co.*, 5 B. T. A. 70. The case of *Mason* v. *Routzahn*, 275 U. S. 175, decided November 21, 1927, involved the determination by the Commissioner that dividends, some of which were declared in 1916 and some in 1917 but all paid in 1917, were taxable at the rates imposed by the

Revenue Act of 1917 for the reason that by prorating the net earnings for the entire year 1917, to the dates of payments of the dividends sufficient current earnings were found to have been available for payment. It was admitted by all concerned in that case that the B. F. Goodrich Co., the corporation paying the dividends, had earned no profits in 1917 prior to the payment of the dividends there in question. The Supreme Court said:

> The District Court held that, despite the fact that the profits for 1917 were in excess of all dividends paid in that year, the distribution must be deemed to have been made out of profits accumulated in 1916; and entered judgment for the full amount. Thereafter, and before this case was heard in the Court of Appeals, *Edwards* v. *Douglas* was decided by this Court. The Court of Appeals recognized that *Edwards* v. *Douglas* differed in its facts from the case at bar. But it concluded that, under the reasoning of the opinion in that case, the taxing year should be treated as a unit; and it believed that it was required to hold that, if the net profits of a whole year prove sufficient to meet all the dividends paid within it, those must be deemed to have been paid from such profits, even if it affirmatively appears that none had been earned before the date when the latest dividend was paid.

> The Solicitor General concedes that *Edwards* v. *Douglas* does not so decide; that the case is authority only for the proposition that a pro rata share of the entire year's earnings may be treated as approximating the actual earnings for the fraction of the year prior to the payment of the dividend in the absence of circumstances showing that there were no earnings actually accumulated during the fractional period; that the amount actually available for payment of dividends out of the current year's earnings prior to the date of payment may always be shown; that such had been the practice of the Treasury Department from the time the Revenue Act of 1917 took effect until the date of the Court of Appeals' decision; and that this rule was embodied in its regulations.

> We see no good reason for disturbing the long settled practice of the Treasury Department. Its contemporary interpretation is consistent with the language of the Act; and its practice was, in substance, embodied in the Revenue Act of 1918, February 24, 1919, c. 18, § 201 (e), 40 Stat. 1057, 1060. We conclude that the Circuit Court of Appeals placed an erroneous construction on § 31 (b).

> Since two of the dividends paid in 1917 were declared in 1916, it becomes necessary for us to consider whether these also are to be deemed distributions made in 1917, as it is only to such that the section applies. It declares that the dividend is income of the shareholders in the year in which it is "received." We think it clear that, for this purpose, the date of payment, not the date of the declaration of the dividend, is the date of distribution; and as all the dividends here in question were paid in 1917, the provision as to the rate is applicable to all. As there were no earnings in 1917, prior to the dates of the payments, and as there were confessedly ample accumulated earnings of 1916 prior to the declaration of the several dividends, we have no occasion to consider other questions which were argued. The judgment of the Circuit Court of Appeals is reversed; that of the District Court is affirmed.

In view of the decision of the court in *Mason* v. *Routzahn, supra,* and the evidence in this proceeding, the Commissioner's determination in respect of the dividends paid by F. W. Woolworth Co. is sustained.

Petitioner in its petition claimed that the Commissioner erred in his determination in respect of the dividends received by him during the taxable year from certain other corporations. No evidence was submitted concerning these dividends.

Reviewed by the Board.

*Judgment will be entered for the respondent.*