Campbell, Chief Justice,
dissenting:
I dissent from so much of the conclusion of the court as denies plaintiff’s right to recover the additional assessment imposed on the dividends declared in January and March, 1917, which were actually received by the plaintiff early in that year. The facts show that the Nolde &. Horst Company declared dividends on January 13 of 100% and on March 3, 1917, a dividend of 100%. These dividends were payable, according to the resolution of the-directors, from the net earnings of the corporation for the year 1916 and were paid out of earnings actually accumulated by the corporation during the year 1916. The 100% dividend declared on January 13 was actually received by the plaintiff on January 22, 1917, and the second dividend was declared on March 3, 1917, payable in two equal installments and actually received by the plaintiff on March 3 and April 17, 1917. The dividend by the other company mentioned in the findings of 700% was declared on January 8, 1917, payable Out of the net earnings for the year 1916 and was received by the plaintiff in seven equal installments between February 12 and June 18. The findings show that all of the dividends of the two companies were paid out of earnings actually accumulated during the year 1916. The findings show that there were net profits of the Nolde & Horst Company during 1917, as ascertained at the end of the year, sufficient in amount to have paid the dividends that were distributed during 1917, and that during the year 1917 the other company mentioned had net profits ascertained at the end of the year, but not sufficient to have covered all of the dividends distributed by the latter company during 1917; but there is no proof as to the months of the year 1917 in which these net profits were' earned by either company.
*447 It seems to me that these dividends were taxable at the 1916 rate and not at the 1917 rate. See F. H. Mason v. C. F. Routzahn, decided November 21,1927, by the Supreme Court, 275 U. S. 175. In Edwards v. Douglas, 269 U. S. 204, 216, it is said, speaking of section 31 (b) of the revenue act of 1917, that “ its general aim was clearly to make the dividend in whatever year paid bear the tax rate of the year in which the profits of which it was a distribution had been earned; and for this purpose to treat as a unit the profits of the whole tax year.” There can be no question in this case that the dividends declared in January were paid out of the earnings of 1916. The findings of fact establish this. In Mason v. Routzahn it appeared that three of the dividends were declared in January, 1917, and two of them in the year 1916, and that Mason received all five of them prior to July 3,1917. A similar situation appears in the instant case. There was an admission by the Government “ that no profits were earned in 1917 prior to the payment of the dividends ” in Mason v. Routzahn. There is no admission by the Government in the instant case, but the finding of fact is that the companies had earnings, ascertained at the end of the year 1917. This difference, it seems to me, i,s not sufficient to affect the rights of parties where it affirmatively appears that the earnings which were distributed were from the net profits of the year 1916. Because in Mason v. Routzahn the Supreme Court says: “ The district court held that despite the fact that the profits for 1917 were in excess of all dividends paid in that year, the distribution must be deemed to have been made out of profit^ accumulated in 1916.” It was the contention of Mason, upheld in the district court and the Supreme Court, that since the corporation had not earned any net profits in 1917 prior to the dates of the several dividend payments, the most recently accumulated net profits were those earned in 1916. There is no proof in the instant case that there were earnings prior to these payments in 1917 put of which distributions could have been made. The statute in question was enacted in October, 1917, about nine months after the larger part of the dividends was received by the plaintiff, and there is no suggestion of *448 any attempt to evade the act that was enacted long after-wards. It is suggested in Edwards v. Douglas that Congress had a special aim of making the war profits pay the high war taxes, and the instant case illustrates how that aim can be attained without imposing upon the taxpayer a liability that was not in existence when he received the dividends, because we have in one phase of this case a claim for a refund of, taxes imposed on dividends declared in February, 1919. Clearly the dividends accumulated in 1917 could be made to bear the proper rate if paid out subsequent to 1917. In other words, it appears in this case that the plaintiff received dividends from the same two companies, already mentioned, in 1919 that were declared to be payable from earnings accrued between March 1, 1918, and February 21, 1919. Full effect can therefore be given to the act of October, 1917, without making it apply to dividends declared and received before the statute was enacted, especially in the absence of positive proof that any net earnings were accumulated during the period 1917 here involved. As already said, there is ample proof that there were accumulated profits for 1916 out of which the payments were actually made. In Mason v. Routzafm it is said: “As there were no earnings in 1917 prior to the dates of payment, and as there were confessedly ample accumulated earnings of 1916 prior to the declaration of the several dividends, we have no occasion to consider other matters which were argued.” To say that the mere failure to show that there were no net earnings in 1917 of the two companies prior to the dates of payment sufficient to pay the dividends (declared and paid, as already stated) is sufficient to impose upon plaintiff a tax laid months afterwards, seems to me to lead to an untenable refinement of the meaning of the statute.
For these reasons I think the plaintiff is entitled to recover the amount of the additional tax imposed upon dividends received in the early part of 1917, but I agree that the plaintiff can not recover on account of dividends declared and received in 1919.