Gkaham:, Judge,
delivered the opinion of the court:
The principles of law ruling the facts of this case are passed upon and decided in the opinion in the case of *455 George D. Horst v. United States, No. E-89, this day handed down, ante, p. 433. It is unnecessary to restate them here.
From the E. Richard Meinig Company the plaintiff received in seven equal installments a dividend of $56,000, declared January 8, 1911. This was a 700 per cent dividend and was ordered by the corporation to be paid “ out of the net earnings shown for the year 1916.” The plaintiff contends that it was actually paid out of the net earnings accumulated by said corporation in 1916. The plaint.iff in making his tax return accounted for this dividend at the 1916 rates.
The Commissioner of Internal Revenue determined that $12,744.29 of the $56,000 received by the plaintiff was earned by the corporation in 1917 and taxable at 1917 rates. The facts are that the E. Richard Meinig Company’s net profits for 1917 amounted to $277,818.82, and that it paid out in dividends $350,000, of which plaintiff received $56,000. Of this latter sum $20,581.50, by prorating, was earned prior to the time the dividend was paid, and under the decision in the case of Mason v. Routzahn, decided by the Supreme Court November 21, 1927, 275 U. S. 175, should be allocated to the year 1917 and taxed according to the rate of that year. As only $12,744.29 was taxed at that rate, it is evident plaintiff was not overassessed and is not entitled to a refund as to this item.
The earnings of the Nolde & Horst Company for 1917 were $1,133,450.90, and it distributed in dividends during that year a total of $500,000, including $50,000 to the plaintiff, so that the earnings for 1917 were more than sufficient to pay the dividends, and under the ruling in the Mason case, supra, the pro rata part of the plaintiff’s dividend earned prior to the payment of same amounted to $31,753.17, which was subject to assessment on the basis of the 1917 rate. As the commissioner taxed only $17,766.73 at that rate, the plaintiff was not overassessed as to this dividend and is not entitled to a refund.
As to the assessments on plaintiff’s income for 1919, the facts, briefly stated, are: On February 21, 1919, the Nolde & Horst Company declared a stock dividend of 900% on its *456 capital of $250,000, issuing $2,250,000 additional stock, of which plaintiff received 2,250 shares, par value $225,000. Again, on February 28,1919, the corporation declared a dividend of 20% on its new capital of $2,500,000, of which plaintiff on March 6, 1919, received $50,000 in cash.
The dividend so declared on February 28, 1919, was ordered by the board of directors to be paid from profits accumulated prior to March 1, 1918, and on February 21, 1919, to be paid from earnings March 1, 1913, to the date of declaration. Finding XYII shows that on February 21, 1919, the company’s surplus was $502,845.27, including estimated profits of $250,000 for January and February, 1919, so that there was enough surplus March 6, 1919, out of which to pay a cash dividend of $500,000 (20% of $2,500,000), and the rates of taxation for 1918 and 1919, which are the same, are applicable. It was on this basis that plaintiff was assessed, and he is therefore entitled to no refund. (See George D. Horst ease, supra.)
In this case, as in the George D. Hoi-st ease, there is the question whether the tax paid by the obligor at the source on “ tax-free covenant ” bonds was income for which plaintiff as holder of the bonds was liable. The commissioner held that it was income and liable for tax and included as part of plaintiff’s net income the sum of $484.06 for taxes paid by the obligor, and plaintiff is entitled to a refund of the tax levied upon this amount. The amount assessed against him on this account by the commissioner does not appear from the record, and it is not possible, therefore, to enter a judgment in favor of the plaintiff for any sum.
The petition should be dismissed, and it is so ordered.
Moss, Judge, and Booth, Judge, concur.
See dissenting opinion by Campbell, Chief Justice, in case of George D. Horst, No. E-89, decided this day, cmte, p. 438.