ATLAS TACK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11497.   Promulgated May 18, 1928.

*W. E. Hayes, Esq.*, and *Myron Heller, C. P. A.*, for the petitioner. *T. M. Mather, Esq.*, for the respondent.

4

OPINION.

PHILLIPS: The net income of the petitioner, as determined by the Commissioner, was $541,320.92 for the year 1918. On April 24, 1918, it paid a dividend of $123,490. The Commissioner determined that a part of this dividend was paid from the surplus existing at the beginning of the year and therefore reduced invested capital. It appears, however, that the earnings of the company for the current year were sufficient to pay this dividend, if the earnings to the date of payment are to be measured by prorating the earnings of the entire year upon the basis of the time elapsed between the first of the year and the date of payment. Petitioner's books were kept in such a way that it was only at the close of the year that the earnings could be ascertained and it is therefore not possible to establish the amount of the earnings to the date of payment of the dividend. The method of determining income for any period by prorating the earnings of the entire year has the approval of the Commissioner's regulations and has been accepted as satisfactory by the Supreme Court. *Edwards* v. *Douglas*, 269 U. S. 204; *Mason* v. *Routzahn*, 275 U. S. 175; 48 S. Ct. 50. Upon this basis the earnings of the petitioner at the date of payment of the dividend were sufficient to pay the dividend in full. The Commissioner committed error in reducing invested capital upon account of such payment. *L. S. Ayers & Co.*, 1 B. T. A. 1135.

The petitioner based its claim for special assessment upon the findings of fact made by the Board in the proceeding known as Docket No. 4725, instituted before the Board by this same petitioner and particularly upon the following findings:

The real property taken over by the petitioner was valued at $346,187.12 at acquisition, subject to a mortgage of $232,000. During 1902 the mortgage upon this property was foreclosed, the petitioner suffering the loss of its plants. During this time, however, a new plant had been built at Fairhaven, Mass., which started active operation late in 1902 or early in 1903. The entire cost of the new plant was paid by the company with funds advanced by Rogers, the owner of all the stock of the corporation. The amount of these advances by Rogers was $613,974.28. In cancellation of this account Rogers accepted $300,000 in stock. The excess of the amount paid·in over the stock

issued was used to reduce the good will account and eliminate the deficit caused by the foreclosure of the mortgage.

There is nothing in the situation thus presented which would prevent a proper determination of the petitioner's invested capital or which would create any abnormality in its capital such as would entitle it to assessment under section 328 of the Revenue Act of 1918.

*Decision will be entered under Rule 50.*