TRINCHERA TIMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14976. Promulgated October 11, 1928.

*George E. H. Goodner, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

TRAMMELL: The only issues involved in this proceeding are: (1) Whether the respondent erred in refusing to include in invested capital the amount of $24,498.96 representing advances made from 1915 through 1919 to some of the preferred stockholders in lieu of dividends, and (2) whether he erred in excluding from invested capital the prorated portion of the dividend paid on February 4, 1920.

With respect to the first issue, the petitioner contends that the advances were made to the stockholders with the understanding that when the petitioner should have earnings sufficient to enable it to pay dividends the advances would be liquidated by such dividends. We can find no evidence in the record in support of this contention, but on the contrary find the following statement appearing on the schedule forming a part of the petitioner's return for 1920: " Dividends paid out of invested capital for years 1915, 1916, 1917, and 1918 prior to January 1, 1920, $24,498.96." To our minds this statement indicates that there was no expectation at the time that the return was prepared that the amounts were to be repaid. There is nothing in the petitioner's balance sheets to indicate that the advances were carried on the books as assets of any kind.

There was in any event no absolute obligation or liability to repay the amounts to the corporation. They were to be paid to the corporation, even if the contention of the petitioner were established, only if and when the corporation had sufficient earnings to pay dividends and actually offset the amounts by dividends. The individuals were in no stronger position to demand or require the distribution of any surplus, when there was any, than any other stockholder.

To January 1, 1920, the petitioner's losses had exceeded its profits, and $24,498.96 of the amount paid in to the petitioner for its capital stock had been distributed to some of the preferred stockholders and was no longer available to the petitioner for use in its business. Under the circumstances in this case, we think the respondent was correct in refusing to include the amount of $24,498.96 in the petitioner's invested capital.

With respect to the last issue, the respondent determined that the petitioner's net income of $25,921.05 for 1920, when prorated from January 1, 1920, to February 3, 1920, was insufficient to offset the operating deficit of $7,309.21 existing on December 31, 1919, and reduced the petitioner's invested capital by the prorated portion of a dividend of $2,096 paid on February 4, 1920.

In the absence of evidence as to what the petitioner's earnings were from the beginning of 1920 to February 4 of that year, we are not in a position to say that the amount by which the respondent reduced invested capital is incorrect. The action of the respondent is therefore sustained. See *Mason* v. *Routzahn*, 275 U. S. 175; *Metropolitan Laundry Co.*, 2 B. T. A. 1062; *Watsontown Brick Co.*, 3 B. T. A. 85; *Troy Record Co.*, 11 B. T. A. 298.

*Judgment will be entered for the respondent.*