### HIND v. CLARK, Collector of Internal Revenue.

District Court, N. D. New York. June 28, 1929.

Dunmore, Ferris & Dewey, of Utica, N. Y., for plaintiff.

Oliver D. Burden, of Syracuse, N. Y. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, both of

Washington, D. C., and B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for defendant.

BRYANT, District Judge. This is a suit for recovery of $64,557.88 paid as additional income tax for the year 1917, which tax plaintiff claims was illegally exacted. There is not any dispute of fact in the case, and but a single question of law, and that is: Does the 1916 or the 1917 taxing rate apply to certain dividends declared in 1916 by the Hind & Harrison Plush Company, and paid to and received by plaintiff in 1917?

The Hind & Harrison Plush Company is a New York corporation. Its fiscal year ends November 30th. The earnings of the company for the fiscal year ending November 30, 1916, were $674,732.13, and by resolution of the directors, duly adopted, the treasurer was instructed to make the following disposition of the earnings: To holders of common stock, 25 per cent. during the month of January, 1917, and an additional 20 per cent. not later than September 30, 1917; also an additional 20 per cent. on or before November 30, 1917. On November 21, 1917, an additional dividend of 10 per cent. on the common stock was declared, payable on or before December 15, 1917.

Of the dividends declared and paid, the plaintiff received $436,915. In his federal income tax return for the calendar year 1917 he computed his tax on $370,365 of the dividends at 1916 rates, and on $66,550 at 1917 rates. On review and audit of his return, the Commissioner of Internal Revenue computed the tax on $153,173.04 of said dividends at 1916 rates, and on $283,741.96 at 1917 rates. An additional tax of $64,557.88 was assessed and paid. This additional tax is the subject of the suit.

Plaintiff contends the distribution was made at time of dividend declaration. This position is not tenable. The law is well settled that the date of payment, not the date of the declaration of the dividend, must be considered the date of distribution. Mason v. Routzahn, 275 U. S. 175, 48 S. Ct. 50, 72 L. Ed. 223. U. S. v. Phillips (C. C. A.) 24 F.(2d) 195. Horst v. U. S., decided in Court of Claims January 15, 1928.

The computation of the earnings of the company for the year 1917, as made by the Commissioner of Internal Revenue, and upon which the additional tax was assessed, are not questioned or disputed. The computation of the additional tax, based upon the prorating of the 1917 earnings as figured by the Commissioner of Internal Revenue, must be approved.

The defendant is entitled to judgment dismissing the complaint, with costs.