CONTINENTAL NATIONAL BANK & TRUST CO., AS EXECUTOR, ESTATE OF MILTON H. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26814.   Promulgated September 16, 1930.

*E. Barrett Prettyman, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

OPINION.

MATTHEWS: The question here presented is what portion of the $52,-185 received by the decedent during 1922 as dividends from Wilson Bros., Inc., should be included in the decedent's gross income under section 213 of the Revenue Act of 1921, which section includes in the term " gross income " among other things the item of " dividends." Section 201 of the same Act reads in part as follows:

SEC. 201.(a) That the term "dividend" when used in this title * * * means any distribution made by a corporation to its shareholders or members * * * out of its earnings or profits accumulated since February 28, 1913 * * *.

(b) For the purposes of this Act every distribution is made out of earnings or profits, *and from the most recently accumulated earnings or profits,* to the extent of such earnings or profits accumulated since February 28, 1913; but any earnings or profits accumulated * * * prior to March 1, 1913, may be distributed exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed. * * * (Italics supplied.)

The decedent, believing that the first three dividends received by him in 1922 were paid out of " earnings or profits accumulated * . * * prior to March 1, 1913," did not report them as income, and believing that the last dividend received by him in 1922 was paid out of " earnings or profits accumulated since February 28, 1913," he reported that dividend as taxable income. The petitioner maintains that the action taken by the decedent was and is correct.

The respondent, as set out in our findings, determined that the first three dividends and $11,934.74 of the fourth dividend were taxable. He did this on the finding that the earnings of Wilson Bros.,

Inc., for 1922 were $224,116.58. The parties have stipulated that the earnings of the corporation for that year were in fact $249,190.18, whereupon the respondent now contends that since the net income of Wilson Bros., Inc., in 1922 was in excess of the dividends distributed during that year, such distributions were from earnings since February 28, 1913, and hence are taxable. As an alternative the respondent contends that the year 1921 should be divided into two parts and that the earnings for the last six months of 1921, plus the earnings from July 1, 1922, to July 15, 1922 (prorated), should be used (1) to pay the last two dividends in 1921, except $30,216.69 of the dividend on July 15, 1921; (2) to absorb the loss during the first six months of 1922; (3) to pay the first two dividends in 1922; and (4) to pay $38,918.44 of the $56,840 dividend paid on July 15, 1922. To illustrate the respondent's alternative by the use of the actual amounts involved, we have set up the following tabulations:

*Alleged most recently accumulated earnings*

| | |
|---|---|
| Earnings July 1, 1921, to Dec. 31, 1921 | $346,724.17 |
| Earnings July 1, 1922, to July 15, 1922 (prorated by respondent) | 29,701.75 |
| Total | 376,425.92 |

*Above alleged earnings to be used as follows*

| | |
|---|---|
| Dividend July 15, 1921 (part only) | $26,381.18 |
| Dividend Oct. 15, 1921 | 56,591.50 |
| Loss Jan. 1, 1922, to June 30, 1922 | 141,175.74 |
| Dividend Jan. 15, 1922 | 56,572.25 |
| Dividend Apr. 15, 1922 | 56,786.81 |
| Dividend July 15, 1922 (part only) | 38,918.44 |
| Total | 376,425.92 |

In case the Board should reject the respondent's main contention but approve his alternative, the respondent then concedes that the addition to income on account of dividends should be $35,458.85 instead of the amount of $38,902.24 used in the deficiency letter. The amount of $35,458.85 is composed of the following:

| | |
|---|---|
| Dividend Jan. 15, 1922 | $14,358.75 |
| Dividend Apr. 15, 1922 | 12,608.75 |
| Dividend July 15, 1922 (part only) | 8,491.35 |
| Total | 35,458.85 |

Before taking up the respondent's main contention, it should be noted at the outset that his determination was based upon the decision of the Circuit Court of Appeals for the Sixth Circuit in the case of *Routzahn* v. *Mason*, 13 Fed. (2d) 702, which case was later reversed by the Supreme Court of the United States. See *Mason* v. *Routzahn*, 275 U. S. 175.

The question before the Supreme Court and the lower courts in the *Mason* case, *supra*, was to determine what were "*the most recently accumulated profits or surplus*" for the purposes stated in section 31(b) of the Revenue Act of 1916 added by section 1211 of the Revenue Act of 1917. The holdings of all three courts (District, Circuit, and Supreme) are found in the following passage taken from Mr. Justice Brandeis' opinion in the Supreme Court:

The District Court held that, despite the fact that the profits for 1917 were in excess of all dividends paid in that year, the distribution must be deemed to have been made out of profits accumulated in 1916, and entered judgment for the full amount. Thereafter, and before this case was heard in the Court of Appeals, *Edwards* v. *Douglas* was decided by this court. The Court of Appeals recognized that *Edwards* v. *Douglas* differed in its facts from the case at bar. But it concluded that, under the reasoning of the opinion in that case, the taxing year should be treated as a unit; and it believed that it was required to hold that, if the net profits of a whole year prove sufficient to meet all the dividends paid within it, these must be deemed to have been paid from such profits, even if it affirmatively appears that none had been earned before the date when the latest dividend was paid.

The Solicitor General concedes that *Edwards* v. *Douglas* does not so decide; that the case is authority only for the proposition that a pro rata share of the entire year's earnings may be treated as approximating the actual earnings for the fraction of the year prior to the payment of the dividend, in the absence of circumstances showing that there were no earnings actually accumulated during the fractional period; *that the amount actually available for payment of dividends out of the current year's earnings prior to the date of payment may always be shown;* that such had been the practice of the Treasury Department from the time the Revenue Act of 1917 took effect until the date of the Court of Appeals' decision; and that this rule was embodied in its regulations.

We see no good reason for disturbing the long-settled practice of the Treasury Department. Its *contemporary interpretation is consistent* with the language of the act; and its practice was, in substance, embodied in the Revenue Act of 1918, February 24, 1919, c. 18, § 201(e), 40 Stat. 1057, 1060 (Comp. St. § 6336-⅛(b). We conclude that the Circuit Court of Appeals placed an erroneous construction on § 31(b). (Italics supplied.)

Section 201(e) of the Revenue Act of 1918 referred to in the Supreme Court's opinion in the *Mason* case, *supra*, provides that:

Any distribution made during the first sixty days of any taxable year shall be deemed to have been made from earnings or profits accumulated during the preceding taxable years; but any distribution made during the remainder of the taxable year shall be deemed to have been made from earnings or profits accumulated between the close of the preceding taxable year and the date of distribution, to the extent of such earnings or profits, and if the books of the corporation do not show the amount of such earnings or profits, the earnings or profits for the accounting period within which the distribution was made shall be deemed to have been accumulated ratably during such period.

Section 201 (e), *supra*, was reenacted in the 1921 Revenue Act as section 201 (f) with, however, the following added provision: "This subdivision shall not be in effect after December 31, 1921."

The essence of the respondent's main contention is that although the Supreme Court in the *Mason* case, *supra*, held that the amount of earnings actually available " may always be shown " and that in the absence of such information " a pro rata share of the entire year's earnings may be treated as approximating the actual earnings," yet, in view of the last sentence of section 201 (f), *supra*, such a rule could not be applied in the instant case, since the earnings here to be determined are for periods in the year 1922. We do not agree with this contention. The *Mason* case came up under the Acts of 1916 and 1917 and was not concerned with either sections 201 (e) or 201 (f) of the Revenue Acts of 1918 and 1921, respectively. The instant case is not governed by either section 201 of the 1918 Act or subdivision (f) of section 201 of the 1921 Act. The Supreme Court in the *Mason* case was asked to determine what were *" the most recently accumulated profits or surplus "* at different periods during the year 1917. We are asked to determine what are *" the most recently accumulated earnings or profits "* at different periods during the year 1922. The only difference is that the 1916 and 1917 Acts say " profits or surplus," and the 1921 Act says " earnings or profits." We do not think that any different rule should obtain for determining the most recently accumulated " profits or surplus " or " earnings or profits," respectively, and that the rule laid down by the Supreme Court in the *Mason* case is applicable here. See *Edwards* v. *Douglas*, 269 U. S. 204. The respondent's contention that since the *entire* year's earnings for 1922 were in excess of the dividends paid during that year, such earnings should be considered as having been available for the payment of each dividend, without prorating such earnings up to the date of payment of each dividend, is in fact the same rule that was prescribed by the Circuit Court in the *Mason* case and which case was reversed by the United States Supreme Court. *Mason* v. *Routzahn, supra.*

The respondent's alternative contention as set out in the beginning of this opinion necessitates the breaking up of the calendar year 1921 into two accounting periods of six months each. This we do not think can be done. In administering the income-tax laws there must be some unit of measurement. In all the revenue acts, Congress has constantly referred to the " taxable year," which it defines in section 200(1) of the Revenue Act of 1921 as the " calendar year," or the " fiscal year," i. e., " an accounting period of twelve months ending on the last day of any month other than December." In so defining the taxable year we think Congress intended the unit of measurement to be an accounting period of twelve months. The parties have stipulated that on January 1, 1921, Wilson Bros., Inc., had no undistributed earnings or profits accumulated since February

28, 1913. Although the corporation actually realized a net profit of $346,724.17 during the last six months of 1921, on the basis of an accounting period of twelve months, it did not have, on December 31, 1921, any " accumulated earnings or profits " *accumulated* since February 28, 1913, for the reason that the losses of $896,168.23 sustained during the first six months of 1921 were in excess of such profits. The result for the entire year 1921 was a loss of $549,444.06.

The petitioner, for the purposes of this proceeding, is not contending that the loss of $549,444.06 for the year 1921 should first be absorbed before any " accumulated earnings or profits " existed for any period in 1922. See *Blair* v. *United States*, 63 Ct. Cls. 193. It concedes that the last dividend received by the decedent on October 15, 1922, in the amount of $12,608.75 is taxable, but contends that the first three dividends received by the decedent in 1922 are not taxable.

Applying the principles laid down by the United States Supreme Court in *Mason* v. *Routzahn, supra,* to the facts in the instant case, it is at once apparent that the first two dividends received by the decedent in 1922 could not have been paid out of any " earnings or profits accumulated since February 28, 1913," because on December 31, 1921, the corporation had no such earnings or profits and during the first six months of 1922 it sustained a loss in the amount of $141,175.74.

It remains to be determined whether the corporation had any " earnings or profits accumulated since February 28, 1913," with which to pay the dividend of $56,840 on July 15, 1922. What were the corporation's earnings or profits up to and including July 15, 1922? All we know is that it sustained a loss of $141,175.74 during the first six months of 1922 and realized a profit of $390,365.92 during the last six months of 1922. We think it may be assumed, in the absence of evidence to the contrary, that the above loss and profit accrued ratably during the respective periods with the following result:

| Month | Days | Loss | Profit |
|---|---|---|---|
| January | 31 | $24,179.27 | |
| February | 28 | 21,839.34 | |
| March | 31 | 24,179.27 | |
| April | 30 | 23,399.29 | |
| May | 31 | 24,179.27 | |
| June | 30 | 23,399.30 | |
| July | 31 | | $65,768.17 |
| August | 31 | | 65,768.17 |
| September | 30 | | 63,646.62 |
| October | 31 | | 65,768.17 |
| November | 30 | | 63,646.62 |
| December | 31 | | 65,768.17 |
| Total | 365 | 141,175.74 | 390,365.92 |

Net profit, $249,190.18.

It is apparent from the above that the earnings or profits for the first 15 days of July, 1922 (15/31 of $65,768.17 equals $31,823.31), were not sufficient to absorb the loss of $141,175.74 sustained during the first six months of the year, and that there were, therefore, no "earnings or profits accumulated since February 28, 1913," with which to pay the July 15, 1922, dividend.

In view of the foregoing, the respondent was in error in including any part of the first three dividends received in 1922 in the decedent's gross income for that year.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

STERNHAGEN, dissenting in part: It does not appear in evidence whether the corporation between July 1, 1922, and July 15, 1922, had earnings sufficient to support the dividend of July 15, 1922, and the Board assumes that the earnings of the last six months accrued ratably over such six months. I see no legal authority for this. It may in fact have been that the corporation earned enough of these profits before July 15 to absorb the loss of the first six months and to pay this dividend and, if so, the petitioner would have been subject to surtax. Under *Mason* v. *Routzahn*, 275 U. S. 175, and section 201 (e), petitioner had the right to show the actual earnings for the period up to July 15 or that the corporation's books did not show the amount of such earnings or profits. It failed to show either, and since the burden of proof was upon it, it should fail on this issue. The Board ought not to favor him with a mathematical assumption of fact and thus in effect reverse the burden of proof.