*912 OBINION.
Van Fossan :
The first alleged error now at issue in this case is the respondent’s determination that a dividend of $127,750 received by the petitioner from the Hotel Company on February 16, 1923, and paid over by him to the Investment Company on February 20, 1923, constituted income to the petitioner.
Briefly reviewing the facts, we find that on January 23, 1923, the Hotel Company declared a dividend payable on February 10, 1923, to stockholders of record on January 26, 1923. On February 3, 1923, petitioner sold 3,650 shares of the Hotel Company stock to the Investment Company, “ together with any dividend which may be paid *913 hereafter upon said stock prior to the certificates therefor being transferred upon the books of said company.” The stock certificates were assigned and delivered to the Investment Company. They were transferred of record on the corporate books of the Hotel Company on February 13,1923. The dividend was paid February 16,1923.
It is fundamental that a dividend belongs to the owner of the stock at the time of declaration. Fletcher Cyc. Corp., sec. 3700; Hopper v. Sage, 112 N. Y. 530; 20 N. E. 350. And this is true of dividends declared to stockholders of record on a certain date but payable at a future date — such a dividend belongs to the owner of the stock when declared. Nor, in the absence of agreement to the contrary, will a sale of the stock afterwards carry the dividend with it though it may not be payable or paid until after the date of the sale. Hopper v. Sage, supra. On the other hand, it is also fundamental that in the absence of a contrary agreement, the vendee gets all dividends declared after a sale of the stock.
Applying these principles to the facts, it is clear that, unless the terms of the agreement of sale provided otherwise, the dividend declared January 23 to stockholders of record January 26 belonged to petitioner, Matchette, the stockholder of record until February 13, 1923. When the stock was sold on February 3 it did not ipso facto carry with it the dividend previously declared to stockholders of record on January 26, 1923. That the parties to the sale recognized this principle of law is evident from the fact that they made specific provision as to the disposition of the dividends. They provided that the stock was to carry with it “ any dividend which may be paid hereafter upon said stock prior to the certificates therefor being transferred upon the books of said company.” The certificates were transferred of record on February 13, 1923. The dividend was paid February 16 by check to petitioner’s order. Therefore, the dividend was not paid prior to the transfer of the certificates of record. It follows that neither by the operation of the law of corporations nor by the terms of the contract of sale of the stock did petitioner sell the dividend to the Investment Company. Petitioner was entitled to receive the dividend by the terms of the resolution of declaration; he did not part with the same when he sold the stock; he actually received the dividend from the declaring corporation; it became income to him on receipt and his subsequent disposition of the same is immaterial to the question at issue.
The principles underlying Mason v. Routzahn, 275 U. S. 175, relied on by petitioner are not in conflict with the above. In fact, so far as applicable that decision supports the above conclusion. There the question was whether the date of declaration or the date of payment *914 fixed the time of distribution. The Supreme Court held the date of payment was the date of distribution. Here the basic question is the ownership of the dividend. Other cases cited by petitioner are either not pertinent to this question or are plainly distinguishable.
The respondent is sustained in respect to the taxability of the dividend.
The second issue involves the taxability in 1924 or 1925 of dividends declared by the Hotel Company on December 20, 1924, payable December 31, 1924, to stockholders of record on December 15, 1924. Under our recent decision in Effie B. Shearman, 26 B. T. A. 716, promulgated July 26, 1932, and the reasoning thereof, such dividends constitute gross income to the petitioner for 1924. See also Mary Miller Braxton, 22 B. T. A. 128. In the case at bar the facts supporting that conclusion are even stronger than in the Shear-man case, since the dividends were payable on December 31, 1924, to stockholders of record on December 15,1924. At any time on December 31, 1924, the petitioner could have demanded and received his dividends from the Hotel Company. There was no limiting circumstance such as existed in Cecil Q. Adams, 20 B. T. A. 243; affd., 54 Fed. (2d) 228. The mailing of a check to him was a voluntary act on the part of the corporation having no special legal significance.

Decision will he entered under Rule 50.