Graham, Judge,
delivered the opinion of the court:
The plaintiff as trustee of the Bemis Trust is suing to recover income and excess-profits taxes claimed to have been illegally assessed, and the defendant counterclaims for a sum in excess of the amounts assessed and collected.
The principles applicable to this case are the same as in the case of Albert Bemis, Alice B. Taylor, and Maude B. Parsons v. United States, No. E-432, ante, p. 457, this day handed down, and the authorities there cited are controlling here. It is therefore unnecessary to review the law.
On June 8, 1920, plaintiff filed a claim for credit against income taxes assessed against him for the year 1919, upon the ground that the stock dividend of the Bemis Bro. Bag Co. declared and paid in 1917 had been illegally taxed, and on February 12, 1923, plaintiff filed a further claim for credit or refund in the sum of $76,458, with interest (which included the claim for credit filed June 8, 1920), for taxes illegally assessed against him at the 1917 rate. The commissioner allowed a credit of $24,573.58 on the claim filed June 8, 1920, but disallowed the balance, and having failed to render a decision on the plaintiff’s claim filed February 12, 1923, plaintiff brought this suit.
All of the dividends in question were paid to and received by plaintiff in the year 1917. The earnings for 1917 of the companies from which the plaintiff received the dividends were sufficient to pay the dividends declared by them during that yeah. The facts found show that the deficiency in 1917 earnings prior to the payment of the dividends was as follows:
Deficiency _
Bemis Bro. Bag Co., paid Feb. 1, 1917-$112,939.20
American Sugar Refining Co., paid Jan. 2, 1917- 393.75
American Telephone & Telegraph Co., paid Jan. 15, 1917_ 1, 906. 76
Chicago, Milwaukee & St. Paul Ry. Co., paid Mar. 1, 1917_ 1, 750. 00
Edison Electric Illuminating Co., j>aid Feb. 11, 1917_ 264. 82
Northern Pacific Railway Co., paid Feb. 1, 1917_ 514. 66
Total_ 117, 769.19
Deducting from the total amount of dividends received from domestic corporations, $308,145, the deficiency of $117,-769.19, there remains a balance of $190,375.85 taxable at the *481 1917 rate. Under the law plaintiff is entitled to a refund on account of the deficiency of $117,769.19.
It is not for the court to calculate the tax; nor has it been possible to do so from the facts. An opportunity will be afforded the parties to stipulate the amount of said fax in accordance with the foregoing conclusions, and to submit an agreement covering the amount of judgment to be entered in favor of the plaintiff. For this purpose further consideration of the case is deferred for thirty (30) days.
Moss, Judge, and Booth, Judge, concur.
On February 6, 1928, on motion made therefor, and it appearing from a stipulation, duly filed in conformity to the order of the court, that recalculation of the tax developed no overpayment, the petition was dismissed.