## DONAHUE v. UNITED STATES.
### No. J–82.

Court of Claims.
May 2, 1932.

Paul L. Peyton, of Bronxville, N. Y. (Breed, Abbott & Morgan, Hugh S. Williamson, and Albert S. Rockwood, all of New York City, on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty., Gen., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, WHALEY, LITTLETON, and GREEN, Judges.

WILLIAMS, Judge.

This is a suit to recover income taxes paid for the year 1917 upon four dividends of $10,000 each received by the plaintiff in that year on the common stock of the F. W. Woolworth Company of New York, on March 1, June 1, September 1, and December 1, respectively.

Plaintiff, on March 4, 1918, filed her income tax return for the calendar year 1917, in which she reported the receipt of the aforesaid dividends on the dates stated. The dividends received on March 2 and June 2, 1917, were included in the return as taxable at the 1916 rates, and the dividends of September 2 and December 2, 1917, were included as taxable at 1917 rates. The tax liability as shown by the return was $708.79, which amount was paid on or about June 15, 1918.

Upon an audit of the return the Commissioner of Internal Revenue ruled that all four of the dividends received by the plaintiff during the year 1917 were taxable at the 1917 rates, and on February 19, 1923, advised the plaintiff of a deficiency in her tax for the year 1917 in the sum of $1,402.95, which amount was thereafter, on March 7, 1923, paid under a written protest.

On June 15, 1924, the plaintiff filed a claim for a refund of the amount of the additional tax, which claim was rejected in full by the Commissioner of Internal Revenue on October 23, 1924.

The applicable provisions of section 31 (b) of Revenue Act Sept. 8, 1916, 39 Stat. 756, as added by section 1211 of the Revenue Act of 1917 (40 Stat. 300, 336) reads: "Sec.

31. * * * (b) Any distribution made to the shareholders or members of a corporation, joint-stock company, or association, or insurance company, in the year nineteen hundred and seventeen, or subsequent tax years, shall be deemed to have been made from the most recently accumulated undivided profits or surplus, and shall constitute a part of the annual income of the distributee for the year in which received, and shall be taxed to the distributee at the rates prescribed by law for the years in which such profits or surplus were accumulated by the corporation, joint-stock company, association, or insurance company. * * * "

The net earnings accumulated by the Woolworth Company of New York during the year 1917, as finally adjusted by the Commissioner of Internal Revenue in 1927, were $7,505,062.32. Dividends were paid by the company on its common and preferred stock during the year in the sum of $4,901,250. There was an excess of accumulated net earnings for the year over dividends paid of $2,603,812.32.

The Commissioner of Internal Revenue held that the four dividends received by plaintiff during the year 1917 were paid from the 1917 accumulated earnings and profits. He treated the pro rata share of the entire year's earnings as approximately the actual earnings of the company for the fractional periods of the year preceding the payment of the dividends. Computed on this basis the accumulated net profits of the company during the year 1917, prior to the payment of the dividends, were sufficient to pay each of them.

This method, in the absence of a showing that there were no actual earnings, or that the actual earnings accumulated during such fractional parts of the year were insufficient to pay the dividends, was proper and has been approved in Kirby v. United States, 62 Ct. Cl. 706, affirmed 276 U. S. 593, 48 S. Ct. 300, 72 L. Ed. 721; Edwards v. Douglas, 269 U. S. 204, 46 S. Ct. 85, 70 L. Ed. 235; Bemis, Trustee, v. United States, 64 Ct. Cl. 467; and Mason v. Routzahn, 275 U. S. 175, 48 S. Ct. 50, 72 L. Ed. 223. The amount available for the payment of dividends out of the current year's earnings prior to the date of the payment of dividends may always be shown, and, where it affirmatively appears the actual earnings prior to the payment of a dividend are insufficient to cover such dividend in full, only such part of the dividend as was accumulated during 1917 is, under the 1917 Revenue Act, subject to the tax at the 1917 rate.

The plaintiff has attempted to show the actual monthly earnings of the Woolworth Company during 1917, and to show that such earnings, prior to the dates on which the first 3 dividends were paid, were insufficient to pay either of such dividends in full. The plaintiff relies upon a compilation of the monthly net earnings of the company made by its assistant secretary and treasurer. In making this compilation, the receipts and expenditures of the company throughout the year are allocated to specific months, where the dates of such receipts and expenditures are ascertainable from the books and records, while other receipts and expenditures, where the dates are not definitely fixed in the records of the company, are apportioned throughout the year on a pro rata monthly basis.

The compilation being in part an approximation of the monthly earnings does not reflect the actual monthly earnings. It is not claimed the monthly earnings shown in the compilation are accurate, but it is contended the method of computation used meets the substantial requirements of the statute and establishes the fact that the current net earnings of the Woolworth Company during 1917 were not adequate to cover the full amount of the dividends of March 1, June 1, and September 1, of that year. The compilation does not show the actual earnings of the Woolworth Company during the year 1917, prior to the payments of the dividends, and manifestly the plaintiff cannot make such a showing, as the official of the company who made the compilation stated that the company had no complete records of any kind from which monthly earnings could be accurately calculated.

In the absence of a showing of the actual earnings of the company for the periods of the year 1917 involved, the court cannot say they were inadequate to cover the payment of the dividends, and the method followed by the Commissioner of Internal Revenue, in treating the pro rata share of the earnings for the year as approximately the actual earnings of the company for the fractional part of the year immediately preceding the payment of the dividends, must be sustained.

The petition will therefore be dismissed. It is so ordered.