ARCHER MAYNARD CAMPBELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18320.          Promulgated February 4, 1927.

*H. H. Shelton, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

The Commissioner determined a deficiency of $69.17 for the calendar year 1923. Subsequently the parties stipulated that this was in error and that the notice should have stated a deficiency of $32.82. The question is whether a dividend declared by a corporation in December, 1922, payable January 1, 1923, was income to the petitioner, a stockholder of such corporation, for the calendar year 1922 or the calendar year 1923.

### FINDINGS OF FACT.

Petitioner is a resident and citizen of Lynchburg, Va. During the calendar years 1922 and 1923 he was a stockholder and chairman of the board of directors of the Glamorgan Pipe & Foundry Co., a corporation, with principal office and place of business at Lynchburg, Va. In December, 1922, this corporation declared a dividend payable January 1, 1923. The petitioner's proportion of the dividend amounted to $1,020. On January 1, 1923, the corporation mailed a dividend check to the petitioner at Lynchburg, Va., which was received by him in due course.

Petitioner has consistently kept his books and rendered his income-tax returns upon an accrual basis. He accrued this dividend as of the date of the declaration in December, 1922, and included the amount thereof in his gross income for the calendar year 1922 and paid the tax thereon. The Commissioner decided that the dividend was income to petitioner for the calendar year 1923, the year in which it was payable.

### OPINION.

LITTLETON: Petitioner consistently kept his books and rendered his returns upon the accrual basis. When the directors of the Glamorgan Pipe & Foundry Co., of which he was chairman, by appropriate resolution in December, 1922, declared the cash dividend, petitioner accrued his proportion thereof upon his books as income and reported the same in his income-tax return for the year 1922. It is not claimed by the Commissioner and there is nothing to indicate that the method of accounting employed by petitioner in keeping his books of account, in accordance with which his return was filed, did not clearly reflect his income. We therefore approve the petitioner's treatment of the dividend as income in 1922.

> *Judgment will be entered on 15 days' notice, under Rule 50.*