CECIL Q. ADAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41167.   Promulgated July 15, 1930.

*Charles D. Hayes, Esq.*, and *W. E. Hayes, Esq.*, for the petitioner. *R. L. Wilson, Esq.*, for the respondent.

OPINION.

MURDOCK: The resolution declaring this dividend expressly provided that checks should be mailed on December 31, 1924. This language was purposely inserted. There was no other time of payment fixed and no other method of payment authorized. Thus this case differs from the case of *Commissioner* v. *Bingham*, 35 Fed. (2d) 503, for here there can be no question about the fact that the dividend was not unqualifiedly subject to the demand of the taxpayer in the earlier year.

Furthermore, the Revenue Act of 1924, which controls here, contains no such language as was used in 201(e) of the 1921 Act. Section 213(a) of the House Bill which later became the Revenue

Act of 1924, contained a sentence as follows: "Items of gross income shall be considered to be received in the taxable year in which they are unqualifiedly made subject to the demands of the taxpayer." The report of the Ways and Means Committee and that of the Finance Committee state that this broad provision was inserted in place of the narrow one contained in section 201(e) of the Revenue Act of 1921, and that it is the rule which would be followed without an express statutory provision. But the sentence was stricken from the bill by an amendment and the House Managers made this comment:

Amendment No. 43. The House bill provided that items of gross income should be considered to be received in the taxable year in which they are unqualifiedly made subject to the demands of the taxpayer. This provision was designed to require dividends, bond interests, and salaries such as drawing accounts, to be included in income when subject to demand by the taxpayer even though not actually received in cash by him. Since this is the rule which is and should be followed in such cases in the absence of a statutory provision, the Senate amendment strikes out the provision and the House recedes.

Section 213(a) of the Revenue Act of 1924 provides that gross income includes dividends and a number of other items and

The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period.

The earlier revenue acts have similar provisions. The Commissioner, by his Regulations 45, applicable to the Revenue Act of 1918, in article 54, under "Examples of constructive receipt," stated that "Dividends on corporate stock are subject to tax when set apart for the stockholder, although not yet collected by him." In his regulations applicable to the Revenue Act of 1921, Regulations 62, article 53, under "Examples of constructive receipt," he states "Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the stockholder," and in his regulations applicable to the Revenue Act of 1924, Regulations 65, article 52, under "Examples of constructive receipt," the same statement appears. A rule of constructive receipt may be proper under some circumstances, but, as we said in *John A. Brander*, 3 B. T. A. 231:

When taxable income is consistently computed by a citizen on the basis of actual receipts, a method which the law expressly gives him the right to use, he is not to be defeated in his *bona fide* selection of this method by "construing" that to be received of which in truth he has not had the use and enjoyment. Constructive receipt is an artificial concept which must be sparingly applied, lest it become a means for taxing something other than income and thus violating the Constitution itself.

See also *Albert J. Sullivan*, 16 B. T. A. 1347.

Clearly, Congress intended that even under the 1924 Act there might be a constructive receipt of dividends which would make such dividends taxable to the stockholder prior to the date upon which he actually received them. In this Act, Congress apparently abandoned a specific provision that all items of gross income would be taxable in the year in which unqualifiedly made subject to the demands of the taxpayer, because it considered that such would be the rule followed even in the absence of a statutory provision. In other words, Congress believed that there were some cases in which the courts would and should hold that income was constructively received under well established rules of law and no enlargement of these rules was necessary. [Each case in which the Commissioner attempts to apply the rule of constructive receipt will depend upon its own facts as to whether or not there is justification for the application of such a rule. But, in general, income should not be construed to have been received prior to the date of actual receipt except where a taxpayer turns his back upon income or does not choose to receive income which he could have if he chose. Cf. *John A. Brander, supra; Robert W. Bingham,* 8 B. T. A. 603.

This petitioner kept his books and made his returns on the basis of cash received and disbursed. He acted in strict accordance with the express provision of the Revenue Act of 1924 by reporting the dividend for the year in which he received it in due course. Under such circumstances we see no reason to hold that he constructively received it in 1924, and in our opinion Congress did not intend that the rule of constructive receipt should apply.

> *Judgment will be entered for the petitioner under Rule 50.*