FREDERICK S. PECK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.[1]

Docket No. 63389.   Promulgated January 23, 1934.

*L. G. Sutherland, C.P.A.,* for the petitioner.
*Brooks Fullerton, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency of $819.82 in petitioner's income tax for 1929. The only item which the petitioner assails is the inclusion in his 1929 income of dividends declared, payable, and mailed to him in that year but not actually received by him until 1930. The facts are stipulated, but need not be repeated. One dividend was declared November 5, 1929, as follows:

[1] This opinion was recalled in conformity with *Avery* v. *Commissioner,* — U.S. — (April 30, 1934).

> Voted that a dividend of 3½% be paid December 31, 1929, to the preferred stockholders of record on December 31, 1929.

The check therefor was mailed December 31, 1929, and received by petitioner January 1, 1930. The other dividend was declared "prior to Dec. 31, 1929," as follows:

> Voted that a dividend of $2.00 per share upon the common stock of the corporation payable from the net profits or surplus be declared forthwith. Said dividend to be paid December 31, 1929, to stockholders of record December 30, 1929.

The check for this dividend was also mailed December 31, 1929, and was received by petitioner January 2, 1930.

The petitioner contends that since his income generally was returnable only when actually received, these dividends are properly part of his 1930 income. The contention is against the weight of authority, *Avery* v. *Commissioner* (C.C.A., 7th Cir.), 67 Fed. (2d) 310; *Shearman* v. *Commissioner* (C.C.A. 2d Cir.), 66 Fed. (2d) 256; *Commissioner* v. *Bingham* (C.C.A., 6th Cir.), 35 Fed. (2d) 503; and see also *Mary Miller Braxton*, 22 B.T.A. 128, setting forth the legislative history.

The petitioner relies upon *Commissioner* v. *Adams*, 54 Fed. (2d) 228; affirming 20 B.T.A. 243, a decision in the First Circuit, where, because of petitioner's residence, this proceeding would probably be reviewed. We may leave aside the difficulty and confusion which would result if, upon the same national tax question arising from similar facts, this Board were upon the merits to uphold the taxpayer who resides in one judicial circuit and refuse the taxpayer who resides in another, especially when either might elect with the Commissioner to file his petition for review in the District of Columbia. That anomalous problem need not confront us in this case, because the *Adams* case is on its facts distinguishable, as this Board said in the opinion (20 B.T.A. 243) which the Circuit Court of Appeals affirmed, and as the Circuit Court of Appeals for the Second Circuit more recently said in *Shearman* v. *Commissioner*, *supra*. Here there was no restriction to prevent the petitioner from getting the declared dividend in 1929. The method of check and mail was not mandatory, as it was in the *Adams* case, and the petitioner had only to demand on the date payable. This was constructive receipt as that doctrine is conventionally applied in income tax law, and as Congress manifestly intended in cases like this it should be applied.

The Commissioner's determination is correct.

Reviewed by the Board.

<em>Judgment will be entered under Rule 50.</em>

LANSDON and SMITH dissent.