*Decisions will be entered under Rule 50.*

FALMOUTH COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TAR PRODUCTS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Dockets Nos. 104454, 104455. Promulgated December 17, 1941.

*John E. McClure, Esq.*, for the petitioners.
*William A. Schmitt, Esq.*, for the respondent.

OPINION.

OPPER: Respondent determined the following deficiencies in petitioners' income tax liability for the year 1936:

| Petitioner | Docket No. | Deficiency |
| --- | --- | --- |
| Falmouth Co | 104454 | $7,728.59 |
| Tar Products Corporation | 104455 | 7,233.67 |

The single issue in each proceeding is whether a dividend, declared during the tax year, is taxable to petitioners who are on the accrual basis. All the facts in each proceeding have been stipulated and as so stipulated are hereby adopted as our findings. The stipulation in its entirety is as follows:

1. The Petitioner, Tar Products Corporation, was incorporated under the laws of the State of Rhode Island on July 2, 1920, with its principal office at the Industrial Trust Building, Providence, Rhode Island, but with its general office in the Koppers Building, Pittsburgh, Pennsylvania. The returns for the year here in question were filed with the Collector of Internal Revenue for the 23rd District of Pennsylvania.

2. On December 1, 1936, the Petitioner owned 57,940 shares of common stock of Brooklyn Union Gas Company, a domestic corporation. On October 22, 1936, the said Brooklyn Union Gas Company declared a cash dividend of 75 cents a share, payable on January 2, 1937, to stockholders of record at the close of business on December 1, 1936.

3. The total dividend payable on the said 57,940 shares of common stock on January 2, 1937, amounted to $43,455, and the dividend check was delivered to the general post office at Brooklyn, New York on December 31, 1936, for delivery to the stockholder on January 2, 1937, and was actually received on January 2, 1937, at the petitioner's principal office in Providence, Rhode Island.

4. On December 22, 1936, the Petitioner transferred the foregoing common stock and other property to Esmont Company, a Delaware corporation, for all of its capital stock.[1]

5. The said dividend of $43,455 was reported as 1937 income by Esmont Company and taxes paid thereon. Said taxes so paid have neither been credited nor refunded by the Respondent.

6. The Respondent, in determining the deficiency, added the said dividend to the taxpayer's 1936 income.

7. At all times material, the taxpayer kept its books and made its tax returns on the accrual basis of accounting.

This proceeding was originally determined by a memorandum opinion, but the form which the disposition of the matter now takes makes appropriate some amplification of what was there said.

The case was designed to raise a specific question. Counsel in drafting the stipulation "knew what the legal question, the sharp legal issue was and we attempted to frame the issue consistent with the facts so that there would be no mistake about that."[2] The question, stated in terms of petitioners' contention, is "that dividends are income only when the cash or other properties are unqualifiedly made subject to the demands of the stockholder, irrespective of the method of accounting; and that this rule is adopted as an exception to both the accrual and cash bases."[3]

Respondent's regulations contain a provision of long standing that "A taxable distribution made by a corporation to its shareholders shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to their demands." Regulations 94, article 115-1. It is this statement upon which petitioner relies. The regulation was apparently inspired by Revenue Act of 1921, section 201 (e).[4] But both statute and regulation show that they are statements of the constructive receipt doctrine

---

[1] In the consolidated proceeding of Falmouth Co. the following appears in place of paragraphs 4 and 5:

"The Petitioner reported the said dividend of $37,500.00 as taxable income on its 1937 return and paid taxes thereon. Said taxes so paid have neither been credited nor refunded by the Respondent."

[2] Respondent's counsel at the hearing.

[3] Petitioners' reply brief.

[4] (e) For the purposes of this Act, a taxable distribution made by a corporation to its shareholders or members shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands.

obviously limited to cash basis accounting. In *Cecil Q. Adams*, 20 B. T. A. 243, 245, this Board had occasion to review the legislative history of section 201 (e). It said in referring to the background for the failure to include a similar provision in the 1924 Act:

\* \* \* The report of the Ways and Means Committee and that of the Finance Committee state that this broad provision was inserted in place of the narrow one contained in section 201 (e) of the Revenue Act of 1921, and that it is the rule which would be followed without an express statutory provision. But the sentence was stricken from the bill by an amendment and the House Managers made this comment:

> Amendment No. 43. The House bill provided that items of gross income should be considered to be received in the taxable year in which they are unqualifiedly made subject to the demands of the taxpayer. This provision was designed to require dividends, bond interests, and salaries, such as drawing accounts, to be included in income when subject to demand by the taxpayer even though not actually received in cash by him. Since this is the rule which is and should be followed in such cases in the absence of a statutory provision, the Senate amendment strikes out the provision and the House recedes.

See also *Mary Miller Braxton*, 22 B. T. A. 128.

Confirmation of a similar conclusion as to the regulations appears from related provisions, particularly article 41–2, providing "A method of accounting will not, however, be regarded as clearly reflecting income unless all items of gross income and all deductions are treated with reasonable consistency. \* \* \* A taxpayer is deemed to have received items of gross income which have been credited to or set apart for him without restriction"; and article 42–3, entitled "Examples Of Constructive Receipt", which includes the statement that "Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the shareholder."

We think it evident therefore that these references to dividends were not intended to distinguish that form of income from others such as interest and drawing accounts, but merely to give effect to the recognized principle of constructive receipt. That doctrine can have no application to an accrual basis taxpayer whose liability to tax results not from turning his back upon income which he can receive for the asking, *John A. Brander*, 3 B. T. A. 231, but from the right to receive the income regardless of its immediate availability. *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182. "The doctrine of constructive receipt here involved implies complete dominion of the property in question and therefore goes far beyond the mere accrual of the right to such property." *Cox Motor Sales Co.*, 42 B. T. A. 192. "Unless this doctrine of constructive receipt is kept within the penumbra of actual receipt it will invade the field of accrual accounting, and this should not be permitted." *I. M. Cowell*, 18 B. T. A. 997.

We are accordingly of the opinion that the regulation upon which petitioners place exclusive reliance is without relevance to the present facts. It does not alter the result that to a taxpayer "on the accrual basis dividends will be taxable ordinarily in the year in which they are declared", Mertens "Law of Federal Income Taxation", 1939 Cumulative Supplement, 248 (note), on the theory that income is accruable for tax purposes when the right thereto becomes fixed, *Archer Maynard Campbell*, 6 B. T. A. 60, and that dividends by their declaration become a corporate liability, *Helvering v. McGlue's Estate* (C. C. A., 4th Cir.), 119 Fed. (2d) 167; *Estate of Lewis Cass Ledyard, Jr.*, 44 B. T. A. 1056, 1066, citing *Archer Maynard Campbell, supra;* at least under the apparently applicable New York law. *Estate of Henry W. Putnam*, 45 B. T. A. 517. Certainly we can not say that dividends are automatically to be treated as in a class apart from other income, or that they are necessarily to be reported only when subjected to the command of the shareholder, alike in accrual and cash basis systems. On the narrow question presented to us we must hold in the negative.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

SMITH, dissenting: The rule of the Board in this case is contrary to the regulations of the Commissioner, which have stood for more than 20 years.

By the Revenue Acts of 1916 and 1917 "dividends" are defined to mean "any distribution made or ordered to be made by a corporation." By the Revenue Act of 1918 and all subsequent revenue acts the term "dividend" has been defined to mean "any distribution made by a corporation to its shareholders or members." By article 1541 of Regulations 45 (1920 Ed.) it is provided: "The mere declaration of a dividend is not a distribution."

Under all of the revenue acts it has been important to determine when a dividend became taxable income of the stockholder. For the rates of tax upon net income have varied from year to year. And under the Revenue Act of 1918 dividends declared but not paid were held to be includible in the invested capital of the declarer up to the "date when the dividend is payable." See article 858 of Regulations 45.

The Commissioner's regulations early provided that dividends were includible in the gross income of a stockholder when they were made available to him. Article 1541 of Regulations 62, promulgated under the provisions of the Revenue Act of 1921, provides in part: "A taxable distribution made by a corporation to its stockholders or

members shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to their demands." This regulation, with unimportant changes in phraseology, has been in effect from the Revenue Act of 1921.

In the prevailing opinion it is stated:

* * * The regulation [quoted above] was apparently inspired by Revenue Act of 1921, section 201 (e). But both statute and regulation show that they are statements of the constructive receipt doctrine obviously limited to cash basis accounting. * * *

I can not subscribe to this view. In my opinion the rule was prompted by more fundamental considerations, among which are (1) that a dividend is defined by the income tax acts as a "distribution made" by a corporation and that no distribution takes place from a mere declaration of the dividend; (2) that stockholders often do not know the date of the declaration of a dividend; (3) that in ordinary commercial accounting practice stockholders both on the cash and the accrual basis take into income dividends as of the date of payment; (4) that on sales of shares of stock between the date of declaration and the record date for closing the books the purchaser receives the dividend and the gain reported on the sale is the excess of the sale price over the cost; and (5) that for some years corporations paying dividends have been required to file information returns showing the amounts of dividends distributed to each stockholder, which information returns have been used by the Commissioner for the purpose of verifying the returns of the stockholders.

Does a taxpayer derive taxable income from the declaration of a dividend? Since by the statute a dividend is defined as a distribution and since under the Commissioner's regulations the mere declaration of a dividend does not amount to a distribution, clearly a taxpayer is not taxable in respect of dividends declared but not received.

In Montgomery's Income Tax Procedure (1920), p. 450, it is stated:

* * * Very few stockholders have available or trustworthy information as to when dividends are declared. Their records show only the receipts of dividends.

In view of the definite statements in articles 31 and 1541 [Regulations 45] taxpayers should assume that the date of the receipt of a dividend is the date as of which it should be reported.

There is no suggestion in the statement made by this accounting authority that a taxpayer on the accrual basis is to report dividends differently from one upon the cash basis.

I am informed and believe that it is ordinary commercial accounting practice for stockholders on the accrual basis, as well as those on the cash basis, to take into income dividends as of the date of

payment or of receipt. That is strictly in accordance with regulations of the Commissioner which have been in effect for more than 20 years, and I think that this is the rule generally followed by all taxpaying stockholders.

If the rule of the Board as enunciated in the majority opinion is the correct rule, then a taxpayer on the accrual basis may be required to include in income dividends which he has not received and may never receive. Assume, for instance, that a man on the accrual basis owns shares of stock on which dividends of $1,000 are declared on December 20, 1937, payable on February 1, 1938, to stockholders of record on January 15, 1938. Assume that he sells the shares of stock on January 2, 1938, at a profit. The entire amount of that profit represented by the difference between the sale price and the cost may be taxable as capital gain. By the rule of the Board in this case such a taxpayer is required to include in his income for 1937 the $1,000 dividend which he has not and never will receive and clearly in 1938 is taxable upon his full capital gain. Was such a result ever contemplated by the Congress? It surely was not contemplated by the regulations.

Undoubtedly, however, the most important consideration for the regulation was to enable the Commissioner to verify the tax returns of stockholders by the information returns of dividend payments made by a dividend paying corporation. This check will not be possible under the rule announced by the Board in this case.

That the Commissioner's regulations were intended to apply to all stockholders, whether on the cash receipts and disbursements basis or on the accrual basis is apparent from his action with respect to the Board's opinion in the case of *Archer Maynard Campbell*, 6 B. T. A. 60. The question presented by that proceeding was whether a taxpayer keeping his books of account upon the accrual basis and "consistently" including in gross income dividends according to the date of declaration could make his income tax returns upon the basis of his books of account. The Commissioner held that he was not entitled to accrue the dividend according to the date of declaration, but must wait until the dividend was paid to him or was made unqualifiedly subject to his demands. The Board held, however, that his books of account correctly reflected his income. The Commissioner published his nonacquiescence to the rule. The only possible ground for such nonacquiescence was that it was contrary to his regulations. It should be noted, however, that the Board did not lay down the rule which is laid down in this case, that because the taxpayer was on the accrual basis he was required to include in his gross income dividends declared on his shares of stock. All that we held or intended to hold was that his books of account kept

"consistently" upon the basis on which they were kept correctly reflected his net income. That is a far cry from a ruling that a taxpayer keeping his books upon the accrual basis must include in gross income dividends which have been declared upon his shares of stock, regardless of the date of payment.

In *United States* v. *Woodward*, 256 U. S. 632, it was held in connection with an estate tax payment that the word "accrued" means "became due." In *United States* v. *Anderson*, 269 U. S. 422, the Court pointed out that in the *Woodward* case it did not have before it the question as to the correct basis of reporting where books of account were kept on some basis other than the cash basis. It stated that the purpose of section 13 (d) of the Revenue Act of 1916 was to permit taxpayers keeping accounts upon some basis other than that of actual receipts and disbursements to make returns upon the basis of such books of account unless that basis did not clearly reflect their income.

It is apparent from a careful study of the opinion of the Supreme Court in *United States* v. *Anderson, supra*, that it was not the intention of the Court to lay down any hard and fast rule as to what should constitute items of income and items of deduction where taxpayers kept their books of account and made their returns upon the accrual basis. This fact has also been recognized from the first by the Commissioner's regulations. Under the law and under his regulations, taxpayers selling personal property on the installment basis and keeping their books so as to reflect income upon collections from such sales are permitted to report on that basis, and corporations keeping their books on a completed contract basis are permitted to report on that basis.

It is the practice of most large corporations, such as the Brooklyn Union Gas Co., to declare dividends payable as of a certain date to stockholders of record of an intervening date. Where a taxpayer keeps its books of account by consistently accruing dividends as of the date of declaration or of the record date or of the payment date, the books of account may correctly reflect income. By permitting corporations to make their income tax returns upon the basis of their books, it was not the intention of Congress to "straight jacket" corporations on the accrual basis and make them accrue income on a different basis from that which they have consistently followed.

In Montgomery Tax Handbook (1941), p. 294, the following occurs:

*When Do Dividends Accrue?* Sec. 19.115–1, Reg. 103, suggests that dividends do not accrue before they are payable to the distributees, i. e., "when the cash or other property is unqualifiedly made subject to their demands." * * * In *Campbell* (6 B. T. A. 60) the Board held, under the 1921 Act,

as to language in that Act similar to the quoted language in Sec. 19.115-1, Reg. 103, that in the case of a taxpayer on the accrual basis a dividend declared in the taxable year but not payable until the following year was to be included in income of the taxable year. It is to be assumed in such cases that the "record date" must fall within the taxable year.

This indicates that the author was of the opinion that the Commissioner's regulations now in effect require the accrual of dividends according to the date "when the cash or other property is unqualifiedly made subject to their demands." It is to be noted, however, that he assumes that in such case the "record date" must fall within the taxable year. There is nothing in the majority report to support that proposition.

It is also pertinent to note that in *Avery* v. *Commissioner*, 292 U. S. 210, the Court interpreted the regulations of the Commissioner consonant with the views herein expressed.

In my opinion the Commissioner's regulation which requires taxpayers to take into gross income dividends when unqualifiedly made subject to the stockholders' demands is not ambiguous. It applies to all stockholders, regardless of the basis of accounting used by such stockholders.

By many Supreme Court decisions it has been held that a regulation of the Treasury Department, which interprets a statute in force for many years during which the Congress has passed successive income tax acts which did not abrogate the regulation, has the force and effect of law. See *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110. That is the situation here.

I am further of the opinion that the fact that a dividend is declared by a corporation and that the corporation thereby becomes obligated to pay the dividend does not make the stockholder on the accrual basis the recipient of a taxable dividend from the date of declaration. Where a lessor demises property for a term of years, the lessee to pay the rental monthly, it can not be said that the lessor derives taxable income from the date the lease is executed of all rentals to be received in the future. No more can it be said that a stockholder on the accrual basis derives taxable income from the mere declaration of a dividend where his consistent practice has been to report them as accrued when made unqualifiedly subject to his demands, which ordinarily is on the date for payment.

The Commissioner's regulations for a period of more than 20 years have consistently provided that dividends are to be taken into income when made unqualifiedly subject to the demand of the stockholder. Such a regulation has the force and effect of law.

I respectfully note my dissent.

ARNOLD and HILL agree with this dissent.