## TAR PRODUCTS CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7973.

Circuit Court of Appeals, Third Circuit.

Argued July 7, 1942.

Decided Sept. 17, 1942.

John E. McClure, of Washington, D. C. (Maude Ellen White, David W. Richmond, and Miller & Chevalier, all of Washington, D. C., on the brief), for petitioner.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Gerald L. Wallace, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before MARIS and GOODRICH, Circuit Judges, and BARD, District Judge.

GOODRICH, Circuit Judge.

The sole question involved in this petition for review of a decision of the Board of Tax Appeals is when a dividend becomes income to a shareholder of a corporation. The taxpayer, a Rhode Island corporation, has its general office in Pittsburgh, Pa. In 1936 it owned shares in another corporation. In October, 1936 this corporation declared a cash dividend payable on January 2, 1937 to shareholders of record at the close of business on December 1, 1936. The dividend check was deposited in the Post Office in Brooklyn, N.Y. on December 31, 1936 and actually received by the taxpayer on January 2, 1937. In the meantime, the taxpayer had transferred the shares in question and the transferee reported the dividend and paid taxes thereon as part of its 1937 tax. The Commissioner asserts that the taxpayer is liable for taxes upon the dividend as part of its 1936 income tax. At all times it has kept its books and made its tax returns on an accrual basis of account. A divided Board of Tax Appeals upheld the Commissioner's contention[1] and the taxpayer brings the case here for review.

Surprisingly enough there is little in the reports of litigation which gets close to the precise point. Mason v. Routzahn, 1927, 275 U.S. 175, 48 S.Ct. 50, 72 L.Ed. 223, held that under the 1917 Act the date of payment of a dividend was not the date of declaration, but the date of distribution. Avery v. Commissioner of Internal Revenue, 1934, 292 U.S. 210, 54 S.Ct. 674, 78 L.Ed. 1216, held that a shareholder's dividends were received in the calendar year in which the shareholder got his check. In that case it was stated as a fact that the shareholder kept his accounts on a cash receipts and disbursements basis. The Commissioner says the situation is different when the taxpayer, as here, keeps his books on an accrual basis and points to the Board's decision in Campbell v. Commissioner of Internal Revenue, 1927, 6 B.T.A. 60; accord: Mertens, Law of Federal Income Taxation (Supp.1939) p. 248, n. 51d. In that case the shareholder, whose bookkeeping was on an accrual basis, accrued a dividend declared in December 1922 but not payable until 1923 in his accounts for 1922 and reported the dividend in his income tax return for 1922. This was upheld by the Board. The minority opinion of the Board in this litigation attempts to distinguish the Campbell case suggesting a dif-

[1] 1941, 45 B.T.A. 1033.

ference between what a taxpayer may do and what he must do. We think, however, that the important thing about the Campbell decision was that the Commissioner announced his non-acquiescence in it at the time and has persisted therein ever since.

The taxpayer's strong argument is the explicit and unqualified statement in the Regulations both under the 1936 Act, applicable here, and the Acts before and since. Article 115-1 of Regulations 94 deals with the 1936 Act and provides: "A taxable distribution made by a corporation to its shareholders shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to their demands." This is part of the Regulation under the section in the Revenue Act which deals with distributions by corporations.[2] Argument for the shareholder points out the use of identical language beginning with Article 1541 of Regulations 62 down to Section 19.115-1 of Regulations 103.[3]

■ The language neither now nor heretofore has made distinctions as to the time when the dividend is income according to the method of bookkeeping by the taxpayer. If literally applied to this case it obviously makes the time when the dividend was income not earlier than January 2, 1937.[4] The argument by appellee that this is to be limited to shareholders on the cash receipts basis does not change the fact that the language used under Article 115 is general, not restricted, and that there is nothing in the context to indicate any restriction not expressed. We do not find in the legislative history of the sections of the Revenue Acts and the Regulations[5] covering them anything which strengthens the position of either side.

■ We do see reasons why the treatment of dividends as income may well be subject to a single rule regardless of the bookkeeping methods of the taxpayer. It makes possible the checking of taxpayer's returns against the corporation record of disbursements. It will prevent variations in the tax to be paid in those cases where dividends are paid in kind rather than in money and the value of the property fluctuates. The date of declaration of a dividend would not be a convenient date on which to compel a taxpayer to accrue payment for he will never receive it unless he is also a shareholder upon the date when the books close and that date is wholly subject to the corporation's convenience, not that of either government or taxpayer. No one of these points would be conclusive if Congress made the rule the other way. But we think the successive promulgations of Regulations in identical language over the years, even after the Commissioner's non-acquiescence in the Campbell case, are significant. We think the natural interpretation of the language is that a specific rule about dividends has been made applicable to all taxpayers, whatever their method of bookkeeping. As applied to this case the dividend is taxable in the year of its receipt, not the year of its declaration.

The decision of the Board of Tax Appeals is reversed.

[2] § 115, Revenue Act of 1936, 26 U.S. C.A. Int.Rev.Acts (1940) p. 868.

[3] Treas.Reg. 62, Art. 1541 (1921); Treas.Reg. 65, Art. 1541 (1924); Treas. Reg. 69, Art. 1541 (1926); Treas.Reg. 74, Art. 621 (1928); Treas.Reg. 77, Art. 621 (1932); Treas.Reg. 86, Art. 115-1 (1934); Treas.Reg. 94, Art. 115-1 (1936); Treas.Reg. 101, Art. 115-1 (1938); Treas. Reg. 103, § 19.115-1 (1940).

[4] Treas.Reg. 94, Art. 42-3 "Examples of constructive receipt" repeats the same language: "Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the shareholder."

[5] Discussed in Adams v. Commissioner of Internal Revenue, 1930, 20 B.T.A. 243, affirmed 1 Cir., 1931, 54 F.2d 228.