COMMISSIONER OF INTERNAL REVENUE v. AMERICAN LIGHT & TRACTION CO.

No. 8845.

Circuit Court of Appeals, Seventh Circuit.

July 3, 1946.

Sewall Key, Acting Asst. Atty. Gen., Berryman Green, Robert N. Anderson, and Leonard Sarner, Assts. to Atty. Gen., and J. P. Wenchel and John M. Morawski, Bureau of Internal Revenue, all of Washington, D. C., for petitioner.

Floyd F. Toomey, of Washington, D. C., Thos. K. Humphrey, of Chicago, Ill., and Ellsworth C. Alvord, of Washington, D. C., for respondent.

Before SPARKS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

This is a petition to review a decision of the Tax Court that dividends declared in December, 1936, to stockholders of record as of dates during that month, but payable in 1937, are income to the taxpayer in the

latter year even though it is on an accrual basis.

In rendering its decision, the Tax Court stated that in the case of Falmouth Co. v. Com'r (Tar Products Corporation v. Com'r), reported in 45 B.T.A. 1033, the court had before it a similar state of facts, and that it there held that the date of *declaration* and not the date fixed for *payment* controlled the taxability of corporate dividends received by a taxpayer using the accrual method of accounting. On appeal, the Court of Appeals for the Third Circuit reversed, holding that the date of *receipt*, and not the declaration date controlled. 130 F.2d 866. It will be noted that neither Board nor court appears to have considered the possible applicability of a fourth date to the issues there involved, namely, the *record* date, the date which fixes the identity of the shareholders to receive the dividend theretofore declared. Similarly, in the case at bar, the Tax Court does not appear to have considered the possible applicability of the record date, stating that the facts of the two cases were indistinguishable, and that it yielded to the opinion of the Third Circuit court without discussing the relative merits of the two opinions, being convinced that the importance of the question lay in the promptness and certainty of the answer.

Before this court, the Commissioner contends that the Tax Court was in error for the reason that the controlling date for taxpayers on the accrual basis should be the record date. This particular question, of the applicability of the record date for determining the inclusion of dividends in gross income of a taxpayer on the accrual basis, does not appear to have been squarely presented to the courts until the case at bar.[1] In fact, there is nothing in the record or in the opinion of the Tax Court to indicate that the Commissioner urged this contention before it. The problem is suggested by the Court in Estate of Putnam v. Com'r, 324 U.S. 393, 65 S.Ct. 811, 89 L.Ed. 1023, 158 A.L.R. 1426, decided after the Tax Court's decision in the case at bar. The Putnam case involved the construction of § 42 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 42, with reference to the taxability of dividends declared before the death of a taxpayer, payable to shareholders of record at varying dates after his death. Inasmuch as the three dates, of record, payment, and receipt, occurred after the death of the taxpayer, it was unnecessary for the Court to determine which of those three controlled in the case of a taxpayer on the accrual basis, and it decided only that the date of declaration did not control, and reversed the Court of Appeals for the Second Circuit, 144 F.2d 756, accordingly.

So the particular question has remained open, although it has been narrowed down to this point by the cases. It has been fully settled that, as to a taxpayer on a cash-disbursements basis, the date of receipt of income controls, and not the date of payment. Avery v. Com'r, 292 U.S. 210, 54 S.Ct. 674, 78 L.Ed. 1216. It has been equally well settled that the *right* to receive, and not the actual receipt, determines the inclusion of amounts in gross income in the case of a taxpayer on the accrual basis. Spring City Foundry Co. v. Com'r, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200.

Respondent contends, and the appellate court held in the Tar Products case, supra, that this latter principle does not apply in the case of dividends because of a special statutory definition and applicable departmental regulation, "The term 'dividend' * * * means any distribution made by a corporation to its shareholders * * *" § 115 of the Revenue Act of 1936, 26 U.S. C.A. Int.Rev.Code, § 115. Article 115-1 of Treasury Regulations 94, promulgated under this Act, provides: "A taxable distribution made by a corporation to its shareholders shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to their demands."

Petitioner contends, and the Board of Tax Appeals held in the Tar Products case, that the language of the regulation has reference only to the doctrine of constructive receipt, hence is limited in its applicability to taxpayers on the cash-disbursements basis. This contention was carefully con-

---

[1] See Journal of Accountancy, November, 1945, p. 353, When Does A Dividend Become Income, by George G. Tyler.

sidered by the Appellate Court in the Tar Products case, and it concluded that the language of the Act and regulation, identical from 1921 on down, never had made any distinctions as to the time when the dividend became income according to the method of bookkeeping used by the taxpayer, and that no reason appeared why it should be restricted as contended by the Commissioner.

The court further went on to point out reasons why the treatment of dividends should be subject to a single rule regardless of the bookkeeping methods of the taxpayer. "It makes possible the checking of taxpayer's returns against the corporation record of disbursements. It will prevent variations in the tax to be paid in those cases where dividends are paid in kind rather than in money and the value of the property fluctuates." A further reason for the single rule is suggested by Tyler in the article referred to above (note 1). Under § 115(a) of the Act, a distribution, in order to be a taxable dividend rather than a return of capital, must be paid out of earnings and profits of the corporation. But the amount of earnings and profits available to pay a dividend has been determined as of the time of payment rather than the date of declaration. Mason v. Routzahn, 275 U.S. 175, 48 S.Ct. 50, 72 L. Ed. 223. Thus it might occur that a dividend declared December 15, 1944, payable January 31, 1945, to stockholders of record December 31, 1944, might be nontaxable to the accrual basis stockholder because a return of capital, if there were no earnings in 1944 with which to pay the dividend, although it would be taxable to cash basis shareholders if there were 1945 earnings sufficient to pay it. It might also be subject to double taxation if a transfer from an accrual basis stockholder to a cash basis one occurred between the record date and the date of payment.

All of these reasons appear to us to be quite persuasive for the adoption of the single rule for the treatment of taxability of corporate dividends, although, as pointed out by the Third Circuit, none would be conclusive if Congress actually enacted a contrary rule. In the absence of such Congressional enactment, we agree with the reasoning of that court, and with the action of the Tax Court in the case at bar in yielding to its decision. We think the persuasiveness of the Tax Court's conclusion here (Dobson v. Com'r, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Com'r v. Estate of Bedford, 325 U.S. 283, 65 S.Ct. 1157, 89 L.Ed. 1611; Kirschenbaum v. Com'r, 2 Cir., 155 F.2d 23), is not subverted by its earlier decision to the contrary.

Decision affirmed.