ESTATE OF Thalia E. Graff SMITH, Deceased, Sylvester C. Smith, Jr., Executor, and Sylvester C. Smith, Jr., Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Mark G. ANTON and Adele B. Anton, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 13466, 13467.

United States Court of Appeals Third Circuit.

Argued April 7, 1961.

Decided June 30, 1961.

Samuel J. Foosaner, Newark, N. J. (Foosaner, Saiber & Schlesinger, Newark, N. J., on the brief), for petitioners.

Charles B. E. Freeman, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On April 17, 1953, the directors of a personal holding company, a New Jersey corporation, declared a dividend to be paid on May 10, 1953, to the stockholders

then of record. On May 9, 1953, the principal stockholders gave certain shares of their stock to their several children. Thereafter, the May 10th distribution of dividends on those shares was made to the children, who reported the amounts thus received as their income. However, in the present proceeding the Commissioner has assessed deficiencies against the parents, treating the dividend payments to the children as realization of income by the parents. The Tax Court sustained this position and the parents have appealed.

At the outset, it seems clear that whenever a lawful dividend on particular stock is fully declared each stockholder becomes a creditor of the corporation with a vested right to be paid a specified sum at some future time. Since this is a matter of defining the intra-corporate property rights created by the declaration of a dividend by a New Jersey corporation, New Jersey law is controlling. Federal law merely attaches tax consequences to the rights thus created. A number of New Jersey cases recognize and apply the above stated rule as to the effect of a declaration of a dividend. Martindell v. Fiduciary Counsel, Inc., 1943, 133 N.J.Eq. 408, 30 A.2d 281; Beattie v. Gedney, 1926, 99 N.J.Eq. 207, 132 A. 652; In re Heller's Estate, 1951, 14 N.J.Super. 152, 81 A.2d 418. Appellant urges that this rule is inapplicable if in declaring the dividend the directors of the corporation fix a particular future date for the determination of the payees. But we find nothing in the New Jersey cases or in sound reason to warrant such a limitation. We are satisfied that, as a stockholder at the time a dividend was lawfully declared, each parent acquired a vested right to the payment of a specified sum on May 10th, and that he transferred this right to his child the day before the May 10th record date.

Certainly these dividends which were both declared and distributed in 1953 were ordinary income taxable in that year either to the parents or the children, depending upon whether in legal contemplation the donor or the donee realized the income. On this question whether parent or child realized income, we think Helvering v. Horst, 1940, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, is controlling. In that case a father owned negotiable bonds. He detached negotiable interest coupons from the bonds shortly before the due date of the coupons and gave the coupons to his son. In determining whether father or son realized income the Supreme Court reasoned as follows:

"Although the donor here, by the transfer of the coupons, has precluded any possibility of his collecting them himself, he has nevertheless, by his act, procured payment of the interest as a valuable gift to a member of his family. Such a use of his economic gain, the right to receive income, to procure a satisfaction which can be obtained only by the expenditure of money or property, would seem to be the enjoyment of the income whether the satisfaction is the purchase of goods at the corner grocery, the payment of his debt there, or such non-material satisfactions as may result from the payment of a campaign or community chest contribution, or a gift to his favorite son. Even though he never receives the money, he derives money's worth from the disposition of the coupons which he has used as money or money's worth in the procuring of a satisfaction which is procurable only by the expenditure of money or money's worth. The enjoyment of the economic benefit accruing to him by virtue of his acquisition of the coupons is realized as completely as it would have been if he had collected the interest in dollars and expended them for any of the purposes named." 311 U.S. at page 117, 61 S.Ct. at page 147.

In exactly the same way each parent here realized the economic benefit he wished to derive from his dividend rights through his gift, followed almost immediately by the corporation's payment to his child. Such dealing by a parent

with his vested right to a lawfully declared dividend, is not significantly different from the gift of negotiable interest coupons in the Horst case.

Seeking to avoid the impact of the Horst decision the petitioners point out that there the interest coupons alone were given away. But in both cases the right to the earnings in question was a vested right to receive a determined amount of fully earned gain. Such a right is distinct from the stock ownership, though derived from it. In the horticultural metaphor which has become familiar in cases of this type, "the fruit had ripened" before the gift. In these circumstances, we see no reason why the rule of the Horst case should not be as fully applicable to a gift of the fruit with the tree as to a gift of the fruit alone. This was recognized by the Tax Court in Estate of Bertha May Holmes, 1943, 1 T.C. 508. We quote, with entire approval, that court's reasoning as to the reach of the Horst doctrine:

"It is true that in the Horst case, Horst remained the owner of the bonds from which the coupons were detached until after the maturity date of the coupons, whereas in the instant case the decedent gave to her son and daughter not only the credited accumulated dividends, but the shares of stock as well. However, it would be difficult to see why, if the gift by the owner of accrued interest represented by negotiable coupons not yet due, which he detached from bonds of which he remained the owner and which were collected by the donee in the same taxable year, represented a realization by the donor of the accrued interest, yet the gift of dividends which had already been credited on stock did not represent realization of income by the owner merely because at the same time that she made the gift of the dividends she also gave away the stock. * * * The only importance which attaches to the fact that Horst remained the owner of the bond was as to interest which accrued *after* the date of the gift. In other words, as we construe the meaning of the Supreme Court's opinion in the Horst case, it is this: that all the fruit of the tree that had grown on the tree at the time of the gift and was plucked by the donee in the same year as the gift was as effectively gathered by the owner of the tree as if he had plucked the fruit himself." 1 T.C. at pages 511, 512.

We have also considered petitioner's reliance on Estate of Putnam v. Commissioner, 1945, 324 U.S. 393, 65 S.Ct. 811, 89 L.Ed. 1023. There a stockholder who was a cash-basis taxpayer died after a dividend had been declared but before the record date. The question presented was whether this gain was taxable income of the final period of the testator himself or was properly includable in the first return of his estate. A difference between tax brackets made the assignment of this item important. The Supreme Court concluded that this dividend income was allocable to the period after the testator's death and, therefore, should be reported as income of his estate. Practical considerations of fairness and convenience may dictate that this rule as to the time of reporting dividend income should apply even to accrual basis taxpayers. Commissioner of Internal Revenue v. American Light & Traction Co., 7 Cir., 1946, 156 F.2d 398, 167 A.L.R. 300; cf. Tar Products Corp. v. Commissioner, 3 Cir., 1942, 130 F.2d 866, 143 A.L.R. 593. But for present purposes such decisions indicate merely that, even if the parents here had themselves retained the stock and received the dividends they would properly have accounted for this income in the year of distribution rather than the year of declaration, assuming the two had been different. But such determination of the proper time of accounting does not help us solve the present problem, whether the donor or donee of the right to the dividend is the person legally required to pay the tax upon it.

Finally, the petitioners seek to find some analogy in cases presenting those difficult problems of choice between capital gains and ordinary income treatment which often arise when part of the gain realized on a sale of securities represents the value of accrued interest, original issue discount, or declared, accumulated or expected dividends. But we have here none of the considerations and complexities involved in such sale cases. This is merely a case where an intra-family gift has occurred in connection with transactions which clearly yielded some member of the family ordinary income. Which member is determined by deciding who should be viewed as realizing the taxable gain. Our holding in this case neither controls nor is controlled by rulings whether sales have yielded capital gains or ordinary income.

The decision of the Tax Court will be affirmed.